In The
# United States Court of Appeals
### For The Fourth Circuit

## DR. AMR FAWZY

*Plaintiff – Appellant/Cross-Appellee*,

v.

## WAUQUIEZ BOATS SNC,

*Defendant – Appellee/Cross-Appellant.*

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

---

**SUPPLEMENTAL BRIEF OF APPELLANT/CROSS-APPELLEE**

---

Alexander M. Giles
Imran O. Shaukat
SEMMES, BOWEN & SEMMES
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
(410) 576-4882

*Counsel for Appellant/Cross-Appellee*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

INTRODUCTION ............................................................................................1

SUMMARY OF THE ARGUMENT ..................................................................1

ARGUMENT ....................................................................................................2

    I.    The filing of an Amended Complaint supersedes the initial Complaint and renders it of no legal effect ............................................2

    II.    The filing of an Amended Complaint renders moot any motions to dismiss that were directed to the initial Complaint ..........................4

    III.    Despite the court below committing reversible error, this Court still has Appellate Jurisdiction over this matter ..................................6

    IV.    Despite Wauquiez's Arguments to the Contrary, Fawzy was neither required to nor could it file a Rule 60 motion with the District Court below in order to preserve this issue on appeal ............8

CONCLUSION ...............................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Carbiener v. Lender Processing Services, Inc.*,
    2014 WL 12616966 ................................................................................5

*Cedillo v. Standard Oil Company of Texas*,
    261 F.2d 443 (5th Cir. 1958) ..........................................................2, 5, 7, 8

*Connectu LLC v. Zuckerberg*,
    522 F.3d 82 (1st Cir. 2008)........................................................................3

*Fritz v. Standard Security Life Ins. Co. of New York*,
    676 F.2d 1356 (11th Cir. 1982) ................................................................3

*Gilles v. U.S.*,
    906 F.2d 1386 (10th Cir. 1990) ................................................................3

*In re Atlas Van Lines, Inc.*,
    209 F.3d 1064 (8th Cir. 2000) ..................................................................3

*In re Walter*,
    282 F.3d 434 (6th Cir. 2002) ....................................................................9

*International Controls Corp. v. Vesco*,
    556 F.2d 665 (2d Cir. 1977) .....................................................................3

*Kelley v. Crosfield Catalysts*,
    135 F.3d 1202 (7th Cir. 1998) ..................................................................3

*Matter of W. Texas Mktg. Corp.*,
    12 F.3d 497 (5th Cir. 1994) ......................................................................9

*Miller v. American Export Lines, Inc.*,
    313 F.2d 218 (2d Cir. 1963) .................................................................5, 8

*Ramirez v. County of San Bernardino*,
    806 F.3d 1002 (9th Cir. 2015) ............................................................ 2, 4-5, 6, 8

*Rhodes v. Hartford Fire Ins. Co.*,
    548 Fed. Appx. 857 (4th Cir. 2013) ............................................................... 9

*West Run Student Housing Associates, LLC v.
Huntington National Bank*,
    712 F.3d 165 (3d Cir. 2013) ............................................................................ 3

*Young v. City of Mt. Rainer*,
    238 F.3d 567 (4th Cir. 2001) ........................................................................... 2

**STATUTE**

28 U.S.C. § 1291 ................................................................................................. 1, 6, 7

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 6

Fed. R. Civ. P. 12(e) ..................................................................................................... 6

Fed. R. Civ. P. 15 .......................................................................................................... 7

Fed. R. Civ. P. 15(a)(1) ........................................................................................ 2, 3, 4

Fed. R. Civ. P. 60(a) ................................................................................................ 9, 10

**OTHER AUTHORITY**

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
*Federal Practice & Procedure* § 1476 (2d ed. 1990) ................................................ 3

**INTRODUCTION**

The Appellant/Cross-Appellee Dr. Amr Fawzy (hereinafter "Fawzy") interprets this Court's Order of August 28, 2017 to pertain specifically to the issue of whether this Court has jurisdiction pursuant to 28 U.S.C. § 1291 in light of the District Court below granting Appellee/Cross-Appellant Wauquiez Boats SNC's (hereinafter "Wauquiez") motion to dismiss the Verified Complaint despite the fact that Fawzy had already filed an Amended Verified Complaint prior to the issuance of the Memorandum Opinion and Order that dismissed the initial Verified Complaint. Fawzy also interprets this Court's request to include the argument that was raised by Wauquiez that Fawzy failed to preserve this issue for appeal.

**SUMMARY OF THE ARGUMENT**

It is universally acknowledged by courts in the United States that the filing of an Amended Complaint, as a matter of course, supersedes the initial Complaint and renders it of no legal effect, and also renders moot any motions to dismiss that were directed towards that initial Complaint.

By failing to analyze the maritime claims asserted by Fawzy in his Amended Verified Complaint, the District Court committed reversible error by entering an Order dismissing only the initial Verified Complaint and simultaneously closing the case. Despite the District Court's failure to consider the allegations contained

1

in Fawzy's Amended Verified Complaint, though, this Court still has proper appellate jurisdiction over this particular matter and this case.

## ARGUMENT

**I.　The filing of an Amended Complaint supersedes the initial Complaint and renders it of no legal effect**

Every Circuit in the United States acknowledges and readily concedes that the filing of an Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 15(a)(1) supersedes the initial Complaint and renders it of no legal effect. *See Young v. City of Mt. Rainer*, 238 F.3d 567, 573 (4th Cir. 2001) ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect"); *Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015) (Plaintiff's Second Amended Complaint, filed as a matter of course under Fed. R. Civ. P. 15(a)(1), mooted defendants' motion to dismiss the First Amended Complaint, and, therefore, the district court erred in granting the defendants' motion to dismiss the superseded First Amended Complaint); *Cedillo v. Standard Oil Company of Texas*, 261 F.2d 443 (5th Cir. 1958) (District Court erred in considering plaintiffs' abandoned original petition and defendant's motion to dismiss the original petition, and in then ordering that action should be dismissed);

*see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §1476 (2d ed. 1990).[1]

Federal Rule of Civil Procedure 15(a)(1) provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Here, it is important to note the timeline of relevant actions that took place in the District Court below. On October 6, 2016, Fawzy filed his original Verified Complaint against Wauquiez. (JA 2, 5-40). On October 7, 2016, the Writ of Attachment was served by the U.S. Marshals on Wauquiez property (i.e., the Wauquiez Pilot Saloon 48). Later that afternoon, counsel received an email from U.S. District Court Judge Richard Bennett's Chambers to schedule a prompt hearing on the matter. The email invited both parties to "submit a brief outlining their arguments in advance of the hearing" which were requested to be filed by

---

[1] Cases from other Federal Circuits standing for the same proposition include, *e.g.*, *West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171-172 (3d Cir. 2013); *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-1205 (7th Cir. 1998); *Gilles v. U.S.*, 906 F.2d 1386, 1389-1391 (10th Cir. 1990); *Fritz v. Standard Security Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668-669 (2d Cir. 1977).

October 11, 2016. On October 11, 2016, Wauquiez, instead, filed its Motion to Dismiss the original Verified Complaint. (JA 76-93).

During the hearing before Judge Bennett on October 12, 2016, undersigned counsel for Fawzy requested the opportunity to file an Amended Verified Complaint. (JA 163). On the morning of October 14, 2016 – only eight days after the filing of the original Verified Complaint, only three days after Wauquiez filed its Motion to Dismiss Verified Complaint, and only two days after the hearing before Judge Bennett – Fawzy filed an Amended Verified Complaint in full compliance with Federal Rule 15(a)(1). (JA 3, 180-201). Several hours after Fawzy filed his Amended Verified Complaint, the Court issued its Memorandum Opinion and entered its Order dismissing only the Verified Complaint and directing the Clerk to "CLOSE this case." (JA 3, 203, 214-215).

Pursuant to Federal Rule 15(a)(1), Fawzy timely filed his Amended Complaint, which, pursuant to universal and consistent federal law in every jurisdiction of the United States, superseded and, in effect, replaced the initial Verified Complaint, rendering the initial Verified Complaint of no legal effect.

**II. The filing of an Amended Complaint renders moot any motions to dismiss that were directed to the initial Complaint**

When a motion to dismiss is pending, the filing of an Amended Complaint as a matter of course pursuant to Federal Rule 15(a)(1) moots that pending motion where it is specifically directed to the initial, superseded pleading. *See Ramirez v.*

4

*County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it"); *Cedillo v. Standard Oil Company of Texas*, 261 F.2d 443 (5th Cir. 1958) (same); *see also Carbiener v. Lender Processing Services, Inc.*, 2014 WL 12616966, *3 (M.D. Fla. Sept. 29, 2014) (Plaintiff's Second Amended Complaint superseded the First Amended Complaint, rendering moot the defendants' motions to dismiss). *Cf. Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2d Cir. 1963) (The grant of summary judgment after service of the amended complaint, but before the court was aware that the amended complaint had been filed, was a "nullity").

Here, Wauquiez's motion to dismiss that was filed below on October 11, 2016 was specifically entitled "Motion to Dismiss **Verified Complaint**, Dissolve Orders of Attachment and Appointing Substitute Custodian, Release Vessel, and for Sanctions, Attorneys Fees, Costs, and Damages." (emphasis added). Wauquiez's motion to dismiss was explicitly directed to the allegations contained in Fawzy's initial Verified Complaint, and, therefore, Fawzy's timely filed Amended Verified Complaint on October 14, 2016 rendered Wauquiez's motion to dismiss moot. As such, the court's subsequent dismissal of the initial Verified Complaint was in error.

### III. Despite the court below committing reversible error, this Court still has Appellate Jurisdiction over this matter

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 to hear the case in light of the below court's error in dismissing the case when an Amended Verified Complaint had already been filed with the court by Fawzy.

The Ninth Circuit case of *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1005 (9th Cir. 2015) instructs that such a matter is appealable. *Ramirez* involved the district court's dismissal of plaintiff's civil rights complaint, and specifically whether the plaintiff needed to seek leave of court before filing his Second Amended Complaint. The court in *Ramirez* analyzed the timeline of events, which first included plaintiff's filing of a First Amended Complaint with the consent of the opposing party and approval by the court. Thereafter, on May 22, 2013, defendants filed a motion to dismiss the First Amended Complaint pursuant to Federal Rule 12(b)(6) and also moved for a more definite statement pursuant to Rule 12(e). *Id.* at 1004. On the twenty-first day after the filing of the motion to dismiss, plaintiff attempted to file a Second Amended Complaint. The Second Amended Complaint was promptly rejected by the court because leave of court had neither been sought nor granted. Due to the fact that the defendants' motion to dismiss was unopposed, the court granted the motion to dismiss pursuant to its Local Rules.

The Ninth Circuit explicitly found that it had jurisdiction pursuant to 28 U.S.C. § 1291 and stated that "[t]he district court's rejection of the Second Amended Complaint, pursuant to its interpretation of Rule 15, will be reviewed *de novo*." *Id.* at 1005. Ultimately, the Court of Appeals reversed the district court's granting of the motion to dismiss, concluding that the Second Amended Complaint was timely filed.

A similar, albeit simpler, analysis was provided by the Fifth Circuit in the case of *Cedillo v. Standard Oil Company of Texas*, 261 F.2d 443 (5th Cir. 1958). In *Cedillo*, the plaintiffs filed an original complaint in an employment matter seeking an injunction requiring reinstatement and back pay, and the defendant responded by moving to dismiss the complaint on the ground that the alleged cause of action was within the exclusive jurisdiction of the National Labor Relations Board. Subsequently, plaintiffs filed an amended petition in which they only sought a money judgment for wages and benefits. The court considered only the original petition and the defendant's motion to dismiss, and ultimately granted the defendant's motion to dismiss. The Fifth Circuit in *Cedillo*, however, determined that the district court, in basing its action of dismissal on an abandoned pleading, erred and that the judgment must be reversed and the cause remanded for further proceedings.

While the Second Circuit in *Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2d Cir. 1963) ruled in the opposite fashion, finding that the issue was a "nullity" and not appealable, Fawzy submits that the opinions of the Fifth and Ninth Circuits, in *Cedillo* and *Ramirez*, respectively, represents the applicable law on the issue of the appealability of such a decision. Even if the decision in *Miller* could theoretically be viewed as a viable option, Fawzy submits that it is distinguishable on equitable grounds due to the fact that the appeal from the below court's decision was necessary in order to preserve *quasi-in-rem* jurisdiction over Wauquiez and its property.

### IV. Despite Wauquiez's Arguments to the Contrary, Fawzy was neither required to nor could it file a Rule 60 motion with the District Court below in order to preserve this issue on appeal

In the matter current pending before this Court, the memorandum opinion of the district court clearly stated that "[c]urrently pending before this Court is Defendant's Motion to Dismiss Verified Complaint…..(ECF No. 12)." (JA 202-203). The district court's Order of October 14, 2016 stated, *inter alia*, that "the Verified Complaint (ECF No. 1) is DISMISSED", that the "Order of Attachment (ECF No. 4) is VACATED and the attachment DISSOLVED and COUNTERMANDED"; and that the Clerk was directed to "CLOSE this case." (JA 214-215).

Under those circumstances, Fawzy was neither required to nor could it file a Federal Rule 60 motion in order to preserve the issue for appeal. Fed. R. Civ. P. 60(a) permits a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." However, as the Court of Appeals for the Fifth Circuit has noted, Fed. R. Civ. P. 60(a) is not intended to correct substantive changes to a district court's judgment:

> In sum, the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the government's blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*Matter of W. Texas Mktg. Corp.,* 12 F.3d 497, 504–05 (5th Cir. 1994). *See also Rhodes v. Hartford Fire Ins. Co.*, 548 Fed. Appx. 857, 859-860 (4th Cir. 2013) *citing In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) ("The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule

9

60(a) is that the former consist of blunders in execution whereas the latter consists of instances where the court changes its mind….").

It is uncontested that the District Court closed the case without analyzing the factual and legal claims asserted in the timely filed Amended Verified Complaint. The District Court's actions were intentional and deliberate, and not merely a "blunder in execution." Any correction would involve a substantive change, as opposed to a "clerical" or "mechanical" correction that would be permitted by Fed. R. Civ. P. 60(a).

## CONCLUSION

This Court has proper appellate jurisdiction to consider this matter, and in exercising that jurisdiction should determine that the Order of the district court dismissing the Verified Complaint and vacating the Rule B Attachment needs to be vacated and the case remanded to the district court for further proceedings in light of the Amended Verified Complaint.

    /s/ Alexander M. Giles
Alexander M. Giles
Imran O. Shaukat
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, Maryland 21201
(410) 539-5040

Counsel for Appellant/Cross-Appellee

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the August 28, 2017 Court Order because:

   [ X ] this brief contains 10 pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: September 5, 2017                     /s/ Alexander M. Giles
                                             *Counsel for Appellant/Cross-Appellee*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 5th day of September, 2017, I caused this Supplemental Brief of Appellant/Cross-Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John R. Griffin
C. Edward Hartman, III
HARTMAN & EGELI, LLP
116 Defense Highway, Suite 300
Annapolis, Maryland 21401
(410) 266-3232

*Counsel for Appellee/Cross-Appellant*

I further certify that on this 5th day of September, 2017, I caused the required copies of the Supplemental Brief of Appellant/Cross Appellee to be hand filed with the Clerk of the Court.

/s/ Alexander M. Giles
*Counsel for Appellant/Cross-Appellee*